UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>QSR STEEL CORPORATION LLC, et al.,<br><br>*Defendants.* | Civil No. No. 3:21-cv-00247<br><br><br><br>August 30, 2022 |

**RULING ON PLAINTFF'S REQUEST FOR ATTORNEYS' FEES AND REQUEST THAT JUDGMENT BE ENTERED**

Plaintiff North American Specialty Insurance Company ("NAS") applies for attorneys' fees and requests that judgment be entered. (Pl.'s Mot. [Doc. # 45].) Defendants dispute the calculation of attorneys' fees, claiming significant overlap and duplications in the billing descriptions provided by Plaintiff. (Defs.' Opp'n [Doc. # 46].) Plaintiff has not filed a response to Defendants' opposition.

**I.     Background**

From the Court's previous grant of Plaintiff's Motion for Summary Judgment [Doc. # 43], the Court assumes familiarity with the factual background of this case. The Court awarded pre-judgment interest at the prime rate of 3.25% simple interest to run monthly from January 13, 2021; and 3.62% post-judgment interest. (*Id*. at 8.) No interest was awarded on attorneys' fees. (*Id.*) Plaintiff now asks for a total judgment of $218,902.32, comprised of costs and expenses in the amount of $128,628.99, attorneys' fees in the amount of $84,666.00, and pre-judgment interest in the amount of $5,613.33. (Pl.'s Mot. at 5-6.)

**II.    Discussion**

It well established that a fee application must be supported by "contemporaneous records" that describe with specificity "for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014). Courts may use a "percentage deduction as a practical means of trimming fat" where fees sought appear "excessive," "redundant," or "unnecessarily duplicative." *Id.* at 150. Defendants highlight numerous examples of billing descriptions that they claim are duplicative or excessive. (*See* Defs.' Opp'n at 2-3, citing various examples including multiple attorneys billing for review of the same court order, an attorney billing 8.1 hours for drafting an objection to a motion to strike, and an attorney billing 2.2 hours to review every pleading in the case). The Court agrees with Defendants that the examples they highlight indicate duplicative and excessive billing by Plaintiff. The billing entries flagged by Defendants amount to roughly 20% of the total hours billed by Plaintiff. In light of the cited billing excesses which portray a significant lack of exercise of billing discretion, and Plaintiff's failure to respond to Defendants' objections, the Court exercises its discretion and uses a percentage deduction as a means of accounting for all excessive, duplicative or unnecessary work and reduces the fee award by 20%, from $84,666.00 to $67,732.80.

### III.    Conclusion

For the reasons set forth above, Plaintiff's application for attorneys' fees and request that judgment be entered is GRANTED with modification, and judgment is entered in the total revised amount of $201,975.12, comprised of: costs and expenses in the amount of $128,628.99; modified attorneys' fees in the amount of $67,732.80; and pre-judgment interest in the amount of $5,613.33.

The Clerk is requested to close this case.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of August, 2023